J-A14039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN E. JILES, | : | |
| | : | |
| Appellant | : | No. 1641 MDA 2014 |

Appeal from the PCRA Order Entered August 28, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at Nos.: CP-67-CR-0002718-2009; CP-67-CR-0002719-2009; CP-67-CR-0002745-2010; CP-67-CR-0003039-2009

BEFORE:    BENDER, P.J.E., JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 17, 2015**

Stephen E. Jiles (Appellant) appeals *pro se* from the order entered August 28, 2014,[1] which denied his "Motion to Re-Instate Appeal Rights or, in the Alternative, to Have Docketed Notice of Appeal Processed by the Clerk of Courts."  For the reasons that follow, we vacate the court's order denying Appellant's motion and remand for further proceedings consistent with this memorandum.

---

[1] This order was dated August 26, 2014, docketed August 27, 2014, and sent to the parties on August 28, 2014.  We observe that "'[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time … of notice on the docket.'"  ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa. Super. 2001) (emphasis omitted) (quoting ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000); **see also** Pa.R.Crim.P. 114.  Many of the orders in this case were signed, docketed, and served on different dates.  Going forward, we will refer to the date appearing on the particular filing for ease of discussion.

*Retired Senior Judge assigned to the Superior Court.

Following his convictions for numerous counts of robbery and other related offenses at the above docket numbers, Appellant was sentenced to an aggregate term of nine to twenty-one years' imprisonment. In a consolidated appeal, this Court affirmed Appellant's judgment of sentence on April 4, 2012. *Commonwealth v. Jiles*, 48 A.3d 469 (Pa. Super. 2012) (unpublished memorandum).

On January 4, 2013, Appellant *pro se* timely filed a petition pursuant to the Post Conviction Relief Act (PCRA),[2] raising, *inter alia*, a claim that counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania from this Court's affirmance of his judgment of sentence. The PCRA court appointed John Hamme, Esquire, as counsel. On April 24, 2013, following a hearing, the PCRA court granted Appellant's petition with respect to that claim and reinstated Appellant's right to file a petition for allowance of appeal *nunc pro tunc*. The PCRA court denied the petition in all other respects.

On May 16, 2013, Appellant filed a counseled notice of appeal to this Court from the PCRA court's April 24, 2013 order. On May 23, 2013, Appellant filed a counseled petition for allowance of appeal to our Supreme Court, which was denied on October 2, 2013. *Commonwealth v. Jiles*, 76 A.3d 539 (Pa. 2013). On March 5, 2014, Appellant *pro se* filed another

---

[2] 42 Pa.C.S. §§ 9541-9546.

PCRA petition. Appellant also requested the appointment of counsel. On April 15, 2014, this Court affirmed the PCRA court's April 24, 2013 order.[3,4] *Commonwealth v. Jiles*, 102 A.3d 533 (Pa. Super. 2014). On May 1, 2014, the PCRA court appointed William Graff, Esquire, to represent Appellant for purposes of his March 5, 2014 PCRA petition.

On June 26, 2014, the PCRA court held a hearing on Appellant's petition. At the hearing, Attorney Graff presented two issues to the PCRA court, but rather than advocate for his client, Attorney Graff essentially informed the PCRA court that the issues did not warrant relief. N.T., 6/26/2014, at 2-7. Following the hearing, the PCRA court dismissed Appellant's PCRA petition.

Notwithstanding the procedural irregularities already outlined above, at this point, the procedural posture of this case begins to fall into complete disarray. A review of the record clearly reveals that Appellant sought to appeal the dismissal of his March 5, 2014 petition, but the clerk of courts

---

[3] This Court also granted Attorney Hamme's application to withdraw. *Commonwealth v. Jiles*, 102 A.3d 533 (Pa. Super. 2014).

[4] The appeal from the portions of the April 24, 2013 order denying relief should not have proceeded because that order also granted Appellant the right to file a petition for allowance of appeal *nunc pro tunc*. **See** *Commonwealth v. O'Neil*, 573 A.2d 1112, 1116 (Pa. Super. 1990) (quashing the appeal because "a [PCRA] petition filed while a defendant's direct appeal remains pending is premature"). However, by the time the appeal was decided by this Court, the petition for allowance of appeal had been denied. Apparently, the panel believed that in the interest of judicial economy, the appeal should be entertained.

and PCRA court failed to handle appropriately his *pro se* filings evidencing that fact,[5] and his appointed counsel failed to act altogether. As a result, Appellant was denied his right to appeal the PCRA court's June 26, 2014 order dismissing his petition.

Appellant then filed his "Motion to Re-Instate Appeal Rights or, in the Alternative, to Have Docketed Notice of Appeal Processed by the Clerk of Courts" on August 20, 2014. On August 28, 2014, the PCRA court denied Appellant's motion. This appeal followed.

Appellant presents the following issues for our consideration:

[1.] Whether [A]ppellant was denied his right to appeal the dismissal of his PCRA petition when his *pro se* notice of appeal and related documents were not processed by the clerk of courts after appointed counsel did not respond to the notice that the appeal had been filed?

[2.] Did the [PCRA] court commit error by not re-instating [A]ppellant's right to appeal the dismissal of his PCRA petition when the filing of the notice of appeal evidenced a clear and

---

[5] These filings included a July 17, 2014 *pro se* notice of appeal and a July 28, 2014 request to proceed *pro se* on appeal. According to the PCRA court, the clerk of courts, *inter alia*, docketed Appellant's *pro se* notice of appeal, but it was not processed to this Court until September 25, 2014. PCRA Court Opinion, 12/8/2014, at 5. With respect to Appellant's request to proceed *pro se* on appeal, the PCRA court explained that it sent a letter informing Appellant that because he was represented by counsel, the PCRA could not take any further action regarding his request, but it would forward the request to counsel. *Id.* at 4. We note that in **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009), this Court held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a hearing [pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)] must be held." **Robinson**, 970 A.2d at 456.

obvious intent and desire to appeal said decision and was appointed counsel, William H. Graff, Jr., ineffective for not taking the appropriate steps to further such appeal?

[3.] Whether trial counsel, Kevin Hoffman, rendered ineffective assistance by failing to move for dismissal of case No. CP-67-CR-2745-2010, based on a denial of due process and prosecutorial misconduct?

[4.] Whether trial counsel, Kevin Hoffman, was ineffective for offering erroneous advice with regard to accepting or rejecting a plea offered by the Commonwealth that was significantly less onerous than the prison time imposed following trial?

[5.] Whether [A]ppellant was subjected to structural error when a judge who decided pre-trial motions was involved in an intimate relationship with the assistant district attorney who prepared and submitted said motions resulting in a denial of due process?

[6.] Whether trial and direct appeal counsel, Kevin Hoffman, was ineffective for failing to file an application for relief in the appellate court when he discovered that Judge Kelley was intimately involved with the assistant district attorney who prepared and submitted several pre-trial motions decided by Judge Kelley?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Preliminarily, we observe that the PCRA court characterizes Appellant's March 5, 2014 PCRA petition as his second, while Appellant characterizes that petition as his first. We agree with Appellant. "This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013). Because the PCRA court

reinstated Appellant's right to file a petition for allowance of appeal with our Supreme Court in connection to his PCRA petition filed January 4, 2013, Appellant's judgment of sentence was not final until 90 days after our Supreme Court denied it, and his March 5, 2014 PCRA petition was his first collateral attack on that judgment of sentence.

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition. Pa.R.Crim.P. 904(C). In this regard, this Court has stated as follows:

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.

*Commonwealth v. Brown*, 836 A.2d 997, 998-99 (Pa. Super. 2003) (citations and internal quotation marks omitted); *see also Commonwealth v. Peterson*, 683 A.2d 908, 911 (Pa. Super. 1996) (holding that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claims).

> Moreover, [t]his rule [has not been] limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

***

In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that [w]hen appointed counsel fails to amend an inarticulately drafted *pro se* [post conviction] petition, or fails otherwise to participate meaningfully, this [C]ourt will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement …. Both this Court and our Supreme Court have recognized that a post conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms.

**Commonwealth v. Karanicolas**, 836 A.2d 940, 946 (Pa. Super. 2003) (citations and internal quotation marks omitted); **see also Commonwealth v. Wiley**, 966 A.2d 1153, 1158-59 (Pa. Super. 2009) (remanding for court to permit petitioner to file a counseled PCRA petition where petitioner was "chronically unrepresented by appointed counsel, there was never an amended counseled PCRA petition filed, and [petitioner] apparently [was] forced to act on his own").

Herein, we conclude that Appellant's first petition was uncounseled for all practical purposes. Once appointed, Attorney Graff did not file an amended petition on Appellant's behalf. Moreover, although Attorney Graff appeared at the June 26, 2014 hearing, a review of the transcript reveals that he failed to fulfill his responsibility to represent Appellant diligently and competently, regardless of the merits of Appellant's claims.[6] Furthermore,

---

[6] As noted by Appellant, if Attorney Graff believed Appellant's issues were without merit, he should have followed the procedure for withdrawing his

- 7 -

Attorney Graff did not pursue an appeal on behalf of Appellant following the dismissal of his March 5, 2014 petition. The effect of Attorney Graff's inaction is only compounded by Appellant's unsuccessful attempt at pursuing his appeal *pro se.*

Because Appellant effectively was denied his right to representation by counsel in his first PCRA petition and the proper procedure was not followed in determining whether Appellant waived his right to counsel,[7] we vacate both the PCRA court's August 28, 2014 order denying Appellant's August 20, 2014 motion and its June 26, 2014 order dismissing Appellant's March 5, 2014 petition. We remand for the appointment of new counsel to provide the representation to which Appellant is entitled under Pa.R.Crim.P. 904(c), beginning with the filing of an amended PCRA petition or a no-merit letter which satisfies all of the requirements of **Turner** and **Finley**. Should Appellant indicate that he wishes to proceed *pro se* on his petition, the PCRA

_____

representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

court shall hold a proper hearing pursuant to **Grazier** to determine if such waiver is voluntary, intelligent, and knowing.[8]

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015

---

[8] In light of our disposition above, we need not address Appellant's substantive issues.